Date signed October 22, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| THUAN ANH LE | : | Case No. 09-34835PM |
| | : | Chapter 7 |
| Debtor | : | |
| --------------------------- | : | |
| MICHAEL G. WOLFF, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 10-0328PM |
| | : | |
| THUAN ANH LE | : | |
| RICHARD THUAN LE | : | |
| TINA TUYEN NGUYEN | : | |
| Defendants | : | |
| --------------------------- | : | |

**MEMORANDUM OF DECISION**

This case is before the court on the motion of the Debtor to vacate the Order of this court, granting judgment by default against the Debtor, Thuan Anh Le, and revoking his discharge. The Summons and Notice of Pre-Trial Conference were issued on May 18, 2010, and proper service was made upon this Defendant on the date that the summons was issued. Defendant did not file an answer to the Complaint within 30 days from the issuance of the summons, as required by Bankruptcy Rule 7012(a). On July 1, 2010, the Chapter 7 Trustee (the "Trustee" or the "Plaintiff"), filed a Motion for Judgment by Default, together with a Non-Military Affidavit and Military Status Report. There being no opposition to that motion, judgment by default was granted on July 8, 2010. A timely Motion to Vacate the default judgment (the "Motion") was filed on July 18, 2010, and that motion was opposed by the Trustee. Notwithstanding the strong

policy of the Fourth Circuit for trials on the merits, particularly where the debtor acts with reasonable diligence and presents a meritorious defense, *Colleton Preparatory Academy, Inc., v. Hoover Universal, Inc.*, 616 F.3d 413, 417-418 (CA4 2010), the Motion will be denied for the reasons set forth below.

Debtor's bankruptcy case was filed on December 19, 2009. His bankruptcy petition stated that he lived at 2132 Cherry Leaf Lane, Silver Spring, Maryland (the "Property"), whereas Schedule A reflected that he owned no real property. Both of these statements were made under penalty of perjury. Question 10.a of the Statement of Financial Affairs states, "List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case." Debtor answered "None." In the course of the examination by the Chapter 7 Trustee at the Section 341 Meeting of Creditors held January 27, 2010, Debtor admitted that this answer was false and that he had transferred his interest in the Property to his parents, Richard Thuan Le and Tina Tuyen Nguyen. Debtor contended that this "inadvertent" omission did not affect the bankruptcy estate because there was no equity in the property at the time of the transfer.

The Trustee directed the Debtor to provide him with documentation relating to the transfer and to the alleged lack of equity. Debtor supplied a response to his lawyer,[1] who, by letter of March 10, 2010, forwarded to the Trustee a copy of a real estate Settlement Statement and Appraisal Report. As reported in the document supplied by Debtor, the Property was valued at $420,000.00, a sum less than the existing mortgage. In the course of investigating the documents submitted by the Debtor, the Trustee examined the records of the State Department of Assessments and Taxation and ascertained that the sales price for each of the comparables listed in the Appraisal had been reduced by the sum of $100,000.00 from the actual amount of the sale. The Trustee thereupon contacted the appraiser, who forwarded a copy of the actual appraisal to the Trustee. The appraiser's valuation of the Property, with the comparables accurately stated, was in the sum of $520,000.00.

In an effort to put a better face on the altered document, Debtor and his brother testified at the hearing on this Motion. Their "explanation" was that Debtor's brother altered the first

---

[1] There is nothing in this record to suggest that Debtor's lawyer had anything to do with the alteration of the appraisal. It is undisputed that the appraisal was altered before the Debtor turned it over to his lawyer to forward to the Trustee.

appraisal that had been submitted on a CD to the Trustee. The proffered reason for the revision was that he was attempting to buy a neighbor's property and that submission of the altered appraisal would aid Debtor's brother in successfully making a lowball offer on this property. On cross examination neither the Debtor nor his brother could identify the neighbor nor the address of the property sought. To further limit an inquiry, they stated that the false appraisal was never shown to the neighbor. Notwithstanding this admission of deceitfulness, Debtor insists that there was no intention to mislead the Trustee by the submission of the altered appraisal. This defense, however, was proffered long after the filing of the Motion that offered the following grounds as a basis to vacate the default:

> . . . Undersigned counsel met with the Defendant, and it is his understanding that a house was owned by the Defendant and his parents, they had to pay off a second mortgage, his name was removed from title because his parents had to refinance the house and his credit was not good. The Debtor has provided the Trustee with an original appraisal that gives a very low value for the property and the Trustee's attorney took note of that. The Debtor then provided the Trustee with a more up to date appraisal that he had mistakenly not given to him originally and it appears from that appraisal that there is equity in the property for the Trustee. There was no duplicitous intent here by the Debtor, as he assumed there was no equity in this property at the time of the refinance. The Debtor has near 1.8 million dollars of unsecured debt and his share of the equity in this property is approximately $20,000 at best. The Debtor has no valid reason to hide assets from the Trustee.

The testimony of the Debtor and his brother regarding the newly hatched scenario is wholly unworthy of belief. The court finds that this explanation does not and could not amount to a meritorious defense because it is founded upon false testimony. There was equity in the subject property that could have been retrieved by the Trustee for the benefit of unsecured creditors. For this reason, the court finds that a departure from the Fourth Circuit's manifest preference for trials on the merits is warranted in light of Debtor's filing of a frivolous motion.

An appropriate order will be entered.

cc:
Jonathan C. Silverman, Esq., 5505 Branchville Road, College Park, MD 20740
Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, #465, Rockville, MD 20850
Michael G. Wolff, Trustee, 15245 Shady Grove Road, #465, Rockville, MD 20850
Thuan Anh Le, 2132 Cherry Leaf Lane, Silver Spring, MD 20906
Richard Thuan Le,2132 Cherry Leaf Lane, Silver Spring, MD 20906
Tina Tuyen Nguyen, 2132 Cherry Leaf Lane, Silver Spring, MD 20906
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**